```
       IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

```
DANIEL L. STEWART,              :
                                :
        Plaintiff,              :
vs.                             :
                                :   CIVIL ACTION 04-0252-BH-M
WARDEN FERRELL, et al.,         :
                                :
        Defendants.             :
```

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 together with a Motion to Proceed Without Prepayment of Fees (Docs. 5, 6). This action, which has been referred to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 72.2 (c)(4), is before the Court for Plaintiff's failure to prosecute and to obey the Court's Order.

A review of this file indicates that the Court last heard from Plaintiff on October 12, 2004, when he filed a pleading entitled "Judicial Notice and Inquiry" (Doc. 15), in which he inquired about the status of his action. The Court, by Order dated October 20, 2004 (Doc. 16), directed the Clerk to send Plaintiff a copy of the docket sheet. The Court also notes that Plaintiff did not file any response to Defendant's Special Report, which was filed on October 12, 2004 (Doc. 14).

Therefore, on September 29, 2005, the Court ordered Plaintiff to inform the Court by October 18, 2005, if he wanted to proceed with the prosecution of this action.  Plaintiff was warned that his failure to respond would be considered by the Court as an abandonment of the prosecution of this action by him and that the action would be dismissed with prejudice (Doc. 17).  The Order was mailed to Plaintiff at Limestone Correctional Facility, his last known address.  Plaintiff has not responded in any manner to the Court's Order, nor has Plaintiff's copy of the Order been returned to the Court.  The Court finds that Plaintiff has abandoned prosecution of this action.

Due to Plaintiff's failure to prosecute this action and to comply with the Court's Order, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995);

Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 15 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being

served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 20th day of October, 2005.

<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE
